Filed 8/2/23  P. v. Cuevas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081672 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR20219) |
| JOHN CHARLES CUEVAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

John Charles Cuevas, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1970, John Charles Cuevas pleaded guilty to first degree murder (Pen. Code,[1] § 187).  In 2022, Cuevas filed a petition for resentencing under section 1172.6.  The court appointed counsel, received briefing, and held a hearing.  At the conclusion of the hearing, the court found that Cuevas was

---

[1]     All further statutory references are to the Penal Code.

the actual killer of the victim, who he strangled to death. Because Cuevas was the killer who acted alone in the relief under section 1172.6, the court denied the petition without issuing an order to show cause.

Cuevas timely appealed from the denial of his petition.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any meritorious issues for reversal on appeal. Counsel asks the court to exercise our discretion to independently review the record for error as we would if *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) applied. We notified Cuevas of his right to file his own brief on appeal. He has responded with two submissions totaling almost 100 pages of argument and exhibits. As we will discuss later, the material submitted does not address the merits of the petition for resentencing under section 1172.6. Notwithstanding the length of the supplemental briefing, it does not identify any potentially meritorious issues for reversal of the order in this case.

## STATEMENT OF FACTS

Cuevas admitted that on January 21, 1970, he strangled Debra F. to death.

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to the procedure established by *Delgadillo* and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal: Whether the trial court erred in finding Cuevas had not stated a prima facie case for relief.

As we noted above, Cuevas has submitted lengthy supplemental briefs including numerous exhibits. They do not discuss the denial of the petition for resentencing under section 1172.6. The materials relate to the indeterminate sentencing law, the amount of time he has been in prison (53 years). He contends he was told he would not serve more than 20 years when he pleaded guilty. His basic contention is his imprisonment is excessive and he should be released.

We are aware of the length of his imprisonment and the arguments he makes for relief. However, resentencing under section 1172.6 is not an open-ended review of the petitioner's entire history with the criminal justice system. Rather, it provides an opportunity to address limited circumstances where a petitioner may seek resentencing. Whatever the potential merits of his many arguments might be, section 1172.6 is not the legal mechanism to address such contentions.

We have exercised our discretion and independently reviewed the record for error in the same manner as we would under *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Cuevas on this appeal.

DISPOSITION

The order denying Cuevas's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


KELETY, J.

4